UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FERNANDO BUSTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-192-JMS-WGH |
| | ) | |
| E. RARDIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Fernando Bustillo, an inmate at the United States Penitentiary (USP) in Terre Haute, Indiana, alleges violations of his civil rights.

**I.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(per curiam) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.

2008)). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

## II.

Applying the above standard, certain of Bustillo's claims will be dismissed and others will proceed.

First, in Count I, Bustillo asserts that the defendants violated his rights by denying him a proper mattress. This claim is **dismissed.** "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). As presented, Bustillo's mattress claim does not reach this threshold.

In Counts II and III Bustillo alleges that the defendants denied him postage stamps, envelopes, paper, and writing supplies which caused the dismissal of a civil case filed in Wisconsin federal court and caused him not to serve copies of filing to all parties. This claim **shall proceed**.

In Count IV Bustillo alleges that the defendants confiscated and destroyed outgoing mail addressed to family and friends. This claim **shall proceed**.

In Count V Bustillo asserts that the defendants denied him sufficient toilet paper. This claim **shall proceed**.

In Count VI Bustillo complains that the defendants assigned a psychologically disturbed inmate to his cell. A successful claim under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm. *See Doe v. Welborn,*

110 F.3d 520, 524 (7th Cir. 1997)(fear of assault was not "the kind of extreme and officially sanctioned psychological harm that [supports] a claim for damages under the Eighth Amendment"). Bustillo has not alleged that he has suffered any injury from being housed with a psychologically disturbed inmate. His damages claim based on this allegation is therefore **dismissed**. His request for injunctive relief on this claim **shall proceed**.

In Count VII Bustillo states that the defendants have instigated racial hatred between blacks and Mexican Americans, thereby subjecting him to racial discrimination. This claim **shall proceed**.

### III.

In summary, the following claims **shall proceed**:

- Bustillo's claims that defendants denied him postage stamps, envelopes, paper, writing supplies, which interfered with his ability to participate in litigation;

- Bustillo's claim that the defendant confiscated and destroyed outgoing mail to family and friends; and

- Bustillo's claim that the defendants denied him adequate toilet paper.

- Bustillo's claim for injunctive relief based on his allegation that the defendants have housed him with a psychologically disturbed inmate.

- Bustillo's claim that the defendants have subjected him to racial discrimination.

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process to defendants E. Rardin and E. Shoemaker. Process shall consist of a summons. Because plaintiff Bustillo is proceeding under the theory recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)*,* **personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the

summons, together with a copy of the complaint, filed on May 20, 2013, and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 07/11/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Fernando Bustillo
02530-051
Terre Haute United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

United States Marshal

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**