UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FERNANDO BUSTILLO,            )<br>                                              )<br>                    Plaintiff,    )<br>                                              )<br>vs.                                        )<br>                                              )<br>E. RARDIN, et al.,                )<br>                                              )<br>                    Defendants.  )<br>                                              ) | Case No. 2:13-cv-192-JMS-WGH |

**Entry Discussing Motion for Reconsideration**

Plaintiff Fernando Bustillo moves for reconsideration of the Court's screening Entry of July 11, 2013. In that Entry, the Court dismissed Bustillo's claim that the defendants violated his Eighth Amendment rights by failing to provide him a proper mattress and his claim for damages based on his allegation that the defendants assigned a psychologically disturbed inmate to his cell. Bustillo's motion for reconsideration [dkt. 13] is **granted in part and denied in part** consistent with the following.

**The Motion for Reconsideration**

With respect to his claim that the defendants violated his rights by failing to provide him with a proper mattress, Bustillo asserts in his motion to reconsider that he suffers from several painful diseases, that the thin mattress he was provided exacerbated his pain, and that the defendants were aware of these conditions. Because these allegations may be sufficient to support a claim under the Eighth Amendment, Bustillo's motion for reconsideration is **granted** with respect to his claim that he was provided with an improper mattress. In other words, this claim **shall proceed** based on the allegations made in the motion for reconsideration.

Bustillo's claim for damages based on his allegation that the defendants housed him with a psychologically disturbed inmate was dismissed because Bustillo did not assert a physical injury or extreme emotional harm. The screening requirement of 28 U.S.C. § 1915A(b) directs that the court dismiss a complaint or any claim within a complaint which "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Because Bustillo has not alleged an injury based on his claim that he was housed with a psychologically disturbed inmate, he has not stated a claim that is plausible on its face and dismissal of his claim for damages was therefore appropriate. Bustillo's motion for reconsideration is therefore **denied** as to this claim.

## Conclusion

As discussed, Bustillo's motion for reconsideration [dkt. 13] is **granted in part and denied in part**. Bustillo's claim that he was provided an inadequate mattress is **amended by interlineation** to include the allegations in the motion for reconsideration. **Bustillo shall serve** a copy of this Entry on counsel for the defendants **within 10 days** of being notified of the appearance of counsel for the defendants.

**IT IS SO ORDERED.**

Date: 07/25/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Fernando Bustillo
02530-051
Terre Haute United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808