UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FERNANDO BUSTILLO, )<br>)<br>Plaintiff, )<br>)<br>vs.  )<br>)<br>E. RARDIN, et al., )<br>)<br>Defendants. ) | Case No. 2:13-cv-192-JMS-WGH |

**Entry Discussing Motion for Preliminary Injunction**

This cause is before the Court on the motion for preliminary injunction of plaintiff Fernando Bustillo.

Bustillo is in the custody of the Federal Bureau of Prisons at an institution located within the Southern District of Indiana. The present action is brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), to vindicate his First and Eighth Amendment rights. The defendant individuals have been served with process, but none have yet appeared in the action. Bustillo seeks a preliminary injunction prohibiting the defendants from denying him postage stamps, paper, and grievance forms, from preventing reasonable access to unit staff, and from housing him with psychologically disturbed inmates.

To prevail on his motion, Bustillo must establish: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation,* 430 F.3d 432, 437 (7th Cir.2005); *see also*

*Promatek Indus., Ltd. v. Equitrac Corp.,* 300 F.3d 808, 811 (7th Cir.2002); *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992).

Bustillo's request for a preliminary injunction [dkt. 5] is **denied** for the following reasons: First, the defendants have not yet appeared and Bustillo has not shown that he has provided notice to the defendants of his request for an injunction as required by Rule 65 of the *Federal Rules of Civil Procedure*. Next, the relief Bustillo seeks is in the form of a "mandatory injunction" that would change the status quo and order the defendants to perform specific acts. *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011). "A mandatory injunction imposes significant burdens on the defendant and requires careful consideration of the intrusiveness of the ordered act, as well as the difficulties that may be encountered in supervising the enjoined party's compliance with the court's order." *Id.* Here, granting Bustillo's request for injunctive relief would involve this Court in the management of the prison where Bustillo is confined and would improperly violate the admonition that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey,* 116 S. Ct. 2174, 2182 (1996)(citing *Bell v. Wolfish,* 441 U.S. 520, 562 (1979)). The Court will not order such relief in the circumstances presented here.

**IT IS SO ORDERED.**

Date: 08/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Fernando Bustillo
02530-051
Terre Haute United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808