| | | | |
|---|---|---|---|
| FERNANDO BUSTILLO, | | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| vs. | | ) | Case No. 2:13-cv-192-JMS-WGH |
| | | ) | |
| E. RARDIN, et al., | | ) | |
| | | ) | |
| | Defendants. | ) | |

**Entry Discussing Emergency Motion to Dismiss and Motion for Protective Order**

This matter is before the Court on the plaintiff's motion for a protective order and the defendants' emergency motion to dismiss.

## Background

Each of these motions is based on acts that took place during the scheduled deposition of the plaintiff, Fernando Bustillo, on June 5, 2014. Mr. Bustillo currently has three lawsuits pending in this Court based on various allegations of misconduct at the United States Penitentiary in Terre Haute, Indiana ("USP – Terre Haute"). With the exception of one defendant, each of the defendants moved for summary judgment arguing that Mr. Bustillo failed to exhaust his administrative remedies before pursuing these lawsuits. The motions for summary judgment were denied and the Court set the matters for a combined hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The Court also granted the defendants' motion to depose the plaintiff in preparation for the *Pavey* hearing. Counsel for the Defendants made arrangements with the Bureau of Prisons to have the deposition conducted on June 5, 2014 at the USP – Terre Haute. Mr. Bustillo was provided a Notice of Deposition via hand delivery from a member of his

Unit Team on May 28, 2014, and acknowledged at the outset of his deposition that he had received notice of the deposition "several weeks ago." Bustillo Dep. at 7 (dkt 56-2).

On June 5, 2014, counsel for the defendants attended the deposition at the USP – Terre Haute. Mr. Bustillo was physically present at the deposition. When the deposition commenced, Mr. Bustillo "terminated" the deposition under Rule 30 and stated that he would not participate on the basis that he had not had a bowel movement in several days. Bustillo Dep. at 6, 9 ("I'm refusing to answer any more of your questions."). Mr. Bustillo specifically claimed that he not been provided medication called lactulose for his constipation and because of his discomfort, he could not participate in the deposition. Accordingly, counsel for the defendants sought judicial assistance from the Court. The parties were heard by Magistrate Judge LaRue, who ordered that the deposition should continue as scheduled, but would be limited to three hours with appropriate restroom breaks. Specifically, Magistrate Judge LaRue stated: "I'm going to allow this to go forward, the deposition, and Mr. Bustillo is ordered to participate in the deposition." Bustillo Dep. at 13. Magistrate Judge LaRue explained: "In speaking with U.S. Attorney Mr. Hunter he has reported that Mr. Bustillo was able to get to the deposition. He is walking, talking. He has got the ability to ambulate. . . . So I'm going to recognize that he may have some discomfort." *Id.* Magistrate Judge LaRue also stated: "I'm going to limit this deposition to a three-hour period of time. The deposition is for purposes of exhausting Mr. Bustillo's administrative remedies, so it's a very limited issue. But he does need to examine that issue with respect to each issue raised in three cases." *Id.* Despite the Court's order, Mr. Bustillo still refused to participate in his deposition. He again declined to answer questions posed to him regarding his failure to exhaust administrative remedies and "terminated" the deposition, stating: "The magistrate cannot make a final decision in connection with deposition proceedings." Bustillo Dep. at 14.

Based on Mr. Bustillo's allegations of medical discomfort, he was examined by a nurse practitioner at 12:29 p.m. on June 5th, the same date as the deposition. Mr. Bustillo was able to stand up and walk from the waiting room into the exam room without assistance or signs of pain, such as wincing. Dkt. 62-1. The nurse practitioner also observed that Mr. Bustillo was able to sit up and jump down from the exam table without assistance. *Id.* The exam revealed "Normo-Active Bowel Sounds," and a small amount of stool in the colostomy bag. *Id.* Overall, the nurse practitioner found that "Inmate complaints of severe pain are inconsistent with exam findings."

## Discussion

A. *The Plaintiff's Motion for Protective Order*

Mr. Bustillo has moved for a protective order alleging that counsel for the defendants "snatched" paperwork from him and that he cannot participate in a deposition unless his alleged medical needs are met. He asks the Court to order the Defendants to "supply plaintiff his prescribed medication, scrupulously adhere to Rule 30," refrain from "seiz[ing] his personal papers," and ask plaintiff open-ended questions during any future deposition.

Rule 30(d)(3) permits a deponent or any party to suspend a deposition for the time necessary to move for a protective order which may be granted upon a showing that "the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." Because Mr. Bustillo invoked Rule 30(d) during his deposition in an attempt to stop it from proceeding, counsel for the defendants contacted the Magistrate Judge. Based on discussions with the parties, Magistrate Judge LaRue stated: "I'm going to allow this to go forward, the deposition, and Mr. Bustillo is ordered to participate in the deposition." Bustillo Dep. at 13; *see also* Minute Entry of June 5, 2014 (dkt 53). In essence, the Magistrate Judge ordered that the deposition continue, but granted in part the relief sought by

Mr. Bustillo by restricting the length of the deposition. Despite this order, Mr. Bustillo still refused to participate meaningfully in his deposition. He again refused to answer questions posed to him and "terminated" the deposition, stating: "The magistrate cannot make a final decision in connection with deposition proceedings." Bustillo Dep. at 14. Through his motion for a protective order, Mr. Bustillo is essentially asking for a reversal of the Magistrate Judge's order.

The district court's review of any discovery-related decision by a magistrate judge is governed by Rule 72(a) of the *Federal Rules of Civil Procedure*. The district court should not modify or set aside a magistrate judge's ruling unless the ruling is contrary to law or the factual findings are clearly erroneous. Fed. R. Civ. P. 72(a). A finding is clearly erroneous when, after considering the entire record, the reviewing court has been definitely and firmly convinced that a mistake has been committed. *Hughes v. United Van Lines, Inc*., 829 F.2d 1407, 1416 (7th Cir. 1987). As Magistrate Judge LaRue found, when the deposition began, Mr. Bustillo was able to walk and speak and was not in apparent physical distress. Bustillo Dep. at 12-13. This conclusion is supported by the examination of Bustillo the same day as the deposition. Further, the entire proceedings, including contacting the Magistrate Judge with Mr. Bustillo's participation, lasted approximately an hour and a half, time that could have been better spent conducting the deposition.

In addition to asserting that he could not participate in the deposition because of his medical issues, Mr. Bustillo also argues that counsel for the defendants acted in bad faith during the deposition. First, Mr. Bustillo asserts that his Rule 30 objection was "ignored" and that counsel continued questioning him for "several hours." The transcript shows, however, that the deposition began at 10:08 a.m. and the Magistrate Judge was contacted at 10:17 a.m. Bustillo Dep. at 4, 12. Once the Magistrate Judge ruled that the deposition could continue, it was not

"abusive" for counsel to attempt to ask Mr. Bustillo questions. Mr. Bustillo also asserts that counsel snatched documents from him. According to counsel, during the few minutes before the deposition began, counsel asked to review the documents that Mr. Bustillo brought with him to the deposition. This is consistent with Rule 30, which permits a party to order another party to produce documents at a deposition. The documents were pleadings, some case-related documents, and one document marked as an exhibit. Mr. Bustillo did not assert that the documents were privileged, not related to his cases, or otherwise not discoverable. He also did not raise the issue during the conference with the Magistrate Judge. Accordingly, any argument based on counsel's attempt to review documents brought to the deposition by Mr. Bustillo is waived. *See United States v. Moore*, 375 F.3d 580, 584 fn.2 (7th Cir. 2004) (arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived).

Because Mr. Bustillo has not shown through his motion for a protective order that the Magistrate Judge's ruling that the deposition continue was clearly erroneous, that motion [dkt 59] is **denied**. Any similar relief that could be understood to be sought through Mr. Bustillo's Motion/Suggestions in Connection with Scheduled *Pavey* Hearing [dkt 47] is **denied** for the same reasons. Mr. Bustillo has not shown the necessity for a protective order.

B. *The Defendants' Motion for Sanctions*

Based on Mr. Bustillo's refusal to participate in his deposition, the defendants move for dismissal or, in the alternative, for a continuance of the *Pavey* hearing to give the defendants time to conduct Mr. Bustillo's deposition in preparation for the hearing.[1] Discovery sanctions based on a party's failure to participate in his deposition are governed by Rule 37(b)(2)(A),

---

[1] The Court previously vacated the *Pavey* hearing in order to consider the defendants' motion to dismiss and to allow Mr. Bustillo time to respond.

which provides: "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Further, Rule 37(d)(3) provides "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, cause by the failure."

Here, this Court granted the defendants' motion to depose Mr. Bustillo with regard to their affirmative defense that he failed to exhaust his available administrative remedies. The defendants scheduled the deposition and provided Mr. Bustillo with advanced notice. The defendants' attorney drove approximately 150 miles round-trip to the USP Terre Haute to depose Mr. Bustillo in person. At the outset of the deposition, Mr. Bustillo protested that he could not participate in the deposition. When counsel arrived, Mr. Bustillo was able to walk and speak and was not in apparent distress. When he refused to answer questions and invoked Rule 30(d), the Magistrate Judge was contacted. Magistrate Judge LaRue conferred with the parties regarding Mr. Bustillo's Rule 30 objection and ordered that the deposition continue, but be limited to three hours to accommodate Mr. Bustillo's alleged medical issues. Mr. Bustillo still refused to participate in the deposition as ordered by the Magistrate Judge.

The Court finds that Mr. Bustillo was able to participate in his deposition on June 5, 2014 and should have done so. As Magistrate Judge LaRue found, he was able to walk and speak and was not in apparent distress. The nurse practitioner who examined him later that day reached the same conclusion. The deposition was limited to 3 hours to accommodate Mr. Bustillo's allegations of distress. His protestations that he could not continue with the deposition in these circumstances simply are not credible.

Mr. Bustillo's disregard of the Magistrate Judge's direction that the deposition continue therefore constitutes a wilful violation of a court order. *See United States v. Auberg*, 2001 WL

987802, *1 (S.D.Ind. July 9, 2001) ("Thus, L.R. 72.1(c) gives broad delegation of authority to Magistrate Judges, and the rule should be interpreted accordingly.") (footnote omitted). The parties to a lawsuit "cannot pick and choose which court orders to obey." *V.I.M. Recyclers v. Magner*, 2004 WL 906313, *3 (N.D.Ill. Apr. 27, 2004). In other words, "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court . . . ." *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005)(citing *GCIU Employer Ret. Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198-99 (7th Cir. 1993))(internal quotations omitted). "Lawyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994). Because Mr. Bustillo wilfully defied a court order, sanctions are warranted.

While the sanction of dismissal, as requested by the defendants, may be appropriate when a party has wilfully disobeyed a court order, a more proportionate sanction for Mr. Bustillo's misconduct is that provided for by Rule 37(b)(2)(A)(ii) which governs sanctions for failure to obey a discovery order. That Rule permits the Court to "prohibit[] the disobedient party from . . . introducing designated matters in evidence." In other words, Mr. Bustillo refused to provide the defendants with discovery regarding his version of the events surrounding his alleged attempts to exhaust his available administrative remedies when he had the opportunity and despite being ordered to do so by the Magistrate Judge. He therefore will not be permitted to present that evidence at the *Pavey* hearing. Mr. Bustillo will be permitted only to cross-examine the defendants' witnesses and submit argument to support his allegations based solely on the evidence admitted at the hearing. In addition, consistent with Rule 37(d)(3), Mr. Bustillo is ordered to pay the defendants' reasonable costs and attorneys' fees. The defendants shall have **through July 15, 2014**, in which to provide an accounting of those fees.

## Conclusion

For the foregoing reasons, Mr. Bustillo's motion for protective order [dkt 59] and motion/suggestions in connection with scheduled *Pavey* hearing [dkt 47] are each **denied**. The defendants' motion requesting the sanction of dismissal [dkt 56] is **granted in part** consistent with the following: The *Pavey* hearing will be rescheduled, but Mr. **Bustillo will be permitted only to cross-examine the defendants' witnesses and present argument to support his claims. He will not be permitted to present evidence or testimony at the hearing. Mr. Bustillo is further ordered to pay the defendants' reasonable expenses and attorneys' fees incurred in attempting to conduct the deposition**.

The *Pavey* hearing will be rescheduled in a separate order.

**IT IS SO ORDERED.**

Date: 07/02/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

FERNANDO BUSTILLO
Reg. No. 02530-051
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel